**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO PANTOJA-HERNANDEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.  19-72933 Agency No. A075-101-888 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:  FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Alejandro Pantoja-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Pantoja-Hernandez's motion to reopen as untimely where the motion was filed over twenty-two years after the final agency decision, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1), and where Pantoja-Hernandez failed to establish the diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (factors relevant to the diligence inquiry include "whether petitioner took reasonable steps to investigate the suspected fraud or error").

To the extent Pantoja-Hernandez contends the agency violated his right to due process by failing to provide a transcript of his 1997 hearing, the contention fails because he did not demonstrate prejudice, where Pantoja-Hernandez does not argue that the absence of a transcript affected his ability to exercise due diligence. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (substantial prejudice is required to prevail on a due process claim). In light of this disposition, Pantoja-Hernandez's request for remand is denied.

We lack jurisdiction to review the agency's denial of sua sponte reopening

where Pantoja-Hernandez does not raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court retains jurisdiction to review the denial of sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**